YM

**FILED**
**JANUARY 31, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 705**

_____

| | |
|---|---|
| **JAMEEL WRIGHT,** | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **THE CITY OF CHICAGO; JODY P. WEIS,** | ) |
| Chicago Superintendent of Police, | ) |
| **UNKNOWN CHICAGO POLICE OFFICERS,** | ) |
| Defendants. | ) |

**JUDGE LINDBERG**
**MAGISTRATE JUDGE MASON**

_____

## COMPLAINT

Plaintiff, JAMEEL WRIGHT, by his attorneys, THOMAS PETERS, MARY DeSLOOVER and KEVIN PETERS, for his complaint against Defendants, CITY OF CHICAGO, JODY P. WEIS, Superintendent of Police, and UNKNOWN CHICAGO POLICE OFFICERS, allege as follows:

### COUNT I - ILLEGAL DETENTION

### PARTIES, JURISDICTION, AND VENUE

1. This is a civil rights action brought pursuant to 42 U.S.C. §1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks damages, declaratory relief, and an injunction for injuries caused by the de facto policy and practice of the City of Chicago's Police Department (hereinafter Department).

2. As a result of the Department's de facto policy, Chicago citizens, who are suspects in a criminal investigation, are arrested and then unreasonably detained for investigatory purposes in Chicago police station interrogation rooms.

3. These detainees have a constitutional right to a prompt judicial hearing to determine probable cause and to set bond but, as a result of Defendant's policy, they are not taken to court promptly following completion of the administrative steps incident to arrest or detention.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1342. Venue is proper pursuant to 28 U.S.C. §1391(b) because all the Defendants reside in this District.

5. Plaintiff Jameel Wright is an Illinois citizen and a resident of Chicago, Illinois.

6. Defendant City of Chicago (the "City") is an Illinois municipal corporation located within the Northern District of Illinois. The City operates the Chicago Police Department.

7. Defendant Unknown Chicago Police Officers are all sworn officers of the Department whose names and star numbers are not now known to Plaintiff. They are sued in their individual capacities for actions they took by virtue of their authority as police officers.

8. The Defendants were, at all times material to this Complaint, acting under color of state law and their actions constituted state action.

## THE RELEVANT FACTS

9. On or about January 29, 2008, Chicago police officers were investigating an unsolved crime.

10. At approximately 6:30 p.m. on January 30, 2008, the Unknown Chicago police officers arrested Plaintiff after Plaintiff turned himself in to District 2 at 5101 S. Wentworth Ave., Chicago. Plaintiff was accompanied by an attorney when Plaintiff arrived at District 2.

11. The Unknown Chicago police officers searched and then handcuffed and arrested Plaintiff.

12. At the police station, Plaintiff was placed in a small, windowless interrogation room which did not have a toilet or running water. The door to this room was locked from the outside.

13. Periodically, Unknown Chicago police officers asked questions of Plaintiff regarding the unsolved crime. These Unknown Chicago police officers demanded answers to their questions.

14. Plaintiff repeatedly asked to be released from the custody of the police.

15. Plaintiff's requests were made to different Unknown Officers at various times during his detention in the interrogation room.

16. Plaintiff was in police custody in an interrogation room when this suit was filed.

17. The attorney inquired of Unknown Chicago police what charges Plaintiff was being held under.

18. Unknown Chicago police informed counsel that Plaintiff had not been charged but he was not free to leave the station.

19. Counsel requested that Plaintiff be released and that if further questioning was required, counsel would produce Plaintiff for the police.

20. The request to release Plaintiff was denied.

21. Plaintiff asserted his right to counsel as well as his right to remain silent when he was taken into custody on January 30, 2008.

22. Plaintiff was advised that he was being held pursuant to a Chicago Police Department policy that allows the investigating officers to detain him for 48 hours to conduct additional investigation.

23. Plaintiff was not taken to court on the morning of January 31, 2008 for a judicial determination of probable cause.

24. There is daily transportation of detainees from the 2nd District police station to the Circuit Court of Cook County for 9:30 a.m. court calls at various locations throughout Cook County.

25. Following Plaintiff's arrest, there was ample time to book him and to complete the administrative steps incident to arrest and then to take him to court for the 9:30 a.m. court call on January 31, 2008.

26. Plaintiff was not taken to court for the 9:30 a.m. court call because the arresting officers were still conducting their investigation.

27. Plaintiff remained at the police station in an interrogation room all day on January 31, 2008.

28. The building in which Plaintiff was being detained includes two courtroom facilities for the Circuit Court of Cook County, Criminal Division.

29. These two courtrooms were in session on January 31, 2008 from approximately 9:30 a.m. to approximately 5:00 p.m.

30. Plaintiff was not taken to either of those courtroom facilities at any time on January 31, 2008.

31. Plaintiff could have been escorted to either of the two 51st Street courtrooms by the police while court was in session on January 31, 2008.

32. To walk Plaintiff from the interrogation room to either of the 51st Street courtrooms would have taken less than five minutes.

33. Plaintiff had a constitutional right to prompt judicial determination of probable cause.

34. Plaintiff's right to a prompt judicial determination of probable cause was violated when a) he was not transported to court during the early morning of January 31, 2008; and b) when he was not taken to court later in the day on January 31, 2008

35. Defendants had ample time to process Plaintiff for a court appearance on

January 31, 2008.

36. Defendants' failure to process Plaintiff was intentional and in accordance with a longstanding policy of the Chicago Police Department as a result of which Chicago police officers detain suspects for up to 48 hours for investigative purposes.

37. Defendants' policy is to detain suspects and arrestees for investigatory purposes rather than process the detainee or arrestee for court.

38. Post-detention delays for investigatory purposes are per se unreasonable and violate the Fourth Amendment and the failure to process Plaintiff for court on January 31, 2008, was caused by this policy.

### The City of Chicago's De Facto Policy, Practice and Custom

39. The City maintains a defacto policy, practice and custom of detaining persons whom the police believe are suspects for extended periods of time in locked interrogation rooms at police stations.

40. Detainees are taken to police stations for questioning and are thoroughly searched and are then "secured" by being placed in small, windowless interrogation rooms.

41. These rooms do not have toilet facilities or running water and are typically furnished only with a metal bench bolted to the wall.

42. Suspects remain in these rooms while the officers who seized them continue their investigation.

43. The policy, practice and custom of the City described in the preceding paragraphs is widespread, permanent and well-settled.

44. The City's practice has been to delay presentment in order to enable its officers to investigate and thereby to create probable cause to justify the arrest

45. The City also maintains a policy and practice of failing to adequately train, supervise, and discipline its officers regarding the constitutional requirements of affording arrestees a prompt probable cause hearing before a judicial officer.

46. The City's unlawful policy and practice caused the unreasonable and unlawful detention of Plaintiff Jameel Wright and has caused the unlawful detention thousands of other persons.

WHEREFORE, Plaintiff, Jameel Wright, prays that this Court a) award damages in his favor and against the Defendants ; b) award attorney's fees, costs and expenses pursuant to 42 U.S.C. §1988; c) enter an injunction barring Defendants from holding detainees past the next scheduled Court call following their arrest or detention, and for such further and additional relief as this Court may deem just and proper.

Respectfully Submitted,

S/ Kevin Peters
THOMAS PETERS
MARY DeSLOOVER
KEVIN PETERS
Attorneys for Plaintiff
407 S. Dearborn, Suite 1735
Chicago, IL 60605